UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:25-cv-03404-WLH-SP | Date | January 6, 2026 |
|---|---|---|---|
| Title | *N.Y.V.D. v. Ernesto Santracruz et al* | | |

| Present: The Honorable | WESLEY L. HSU, United States District Judge |
|---|---|

| Lesbith Castillo | None |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorney Present for Plaintiff: | Attorney Present for Defendants: |
| Zachary Nightingale | Mallory Lynn |

**Proceedings:** **(IN CHAMBERS) ORDER RE PRELIMINARY INJUNCTION [2]**

The Court is in receipt of Petitioner N.Y.V.D.'s *Ex Parte* Application for Temporary Restraining Order (the "Application") and Motion for Preliminary Injunction (the "Motion"). (Dkt. No. 2). On December 23, 2025, the Court granted a temporary restraining order requiring Respondents to release N.Y.V.D. from detention forthwith and enjoining Respondents from re-detaining N.Y.V.D. without providing her a pre-detention hearing before a neutral adjudicator. (Order, Dkt. No. 11.). The Court further ordered Respondents to show cause why a preliminary injunction should not issue. (*Id.* at 14.). On December 30, 2026, Respondents filed a response to the Order. (Opp., Dkt. No. 12). On January 2, 2026, N.Y.V.D. filed a reply to Respondents' response to the Order. (Reply, Dkt. No. 14). The Parties filed a joint status report summarizing their respective positions, (Joint Status Report, Dkt. No. 12), and the Court held a preliminary injunction hearing on January 6, 2026. For the reasons explained herein, N.Y.V.D's request for preliminary injunction is **GRANTED**. In addition to requesting that the Court convert the TRO into a preliminary injunction, N.Y.V.D. seeks, in her Reply, to have her expedited removal order vacated. N.Y.V.D. also requests that this Court "direct [United States

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Citizenship and Immigration Services ("USCIS")] to revoke the dismissal and retain jurisdiction over her asylum application." (Reply at 9-10).  The Court declines to grant relief that exceeds what was originally requested in Application.  *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994*) (*"A [reply] is not the proper pleading to raise additional grounds for relief."*)*.[1]

### I.   BACKGROUND

The Court incorporates by reference the Court's summary of N.Y.V.D.'s materials supporting her Application.  (Order at 1-4).  The Parties offer the following new information with their briefing on the order to show cause and Joint Status Report.  On December 23, 2025, an Immigration ("IJ") reviewed and affirmed the U.S. Citizenship and Immigration Services' ("USCIS") negative credible fear decision.  (*See* Zachary Nightingale ("Nightingale Decl."), Dkt. No. 14-2, Ex. B, C).

---

[1] Not only is granting the newly requested relief inappropriate for being raised for the first time in a reply brief, but this Court appears to lack jurisdiction to do grant such relief. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction.").  The Immigration and Nationality Act ("INA") explicitly limits the Court's jurisdiction over expedited removal orders.  It states in relevant parts: "Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to review ... except as provided by [1252(e) ], any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation of an order of [expedited] removal."  8 U.S.C. § 1252(a)(2)(A).  Section 1252(e)(5) explicitly states: "There shall be no review of whether the alien is actually inadmissible or entitled to any relief from removal."  8 U.S.C. § 1252(e)(5).  Thus, "[b]y the clear operation of these statutes," federal courts "are jurisdictionally barred" from hearing direct challenges to expedited removal orders.  *Garcia de Rincon v. Dept. of Homeland Sec.*, 539 F.3d 1133, 1139 (9th Cir.2008).  Likewise, this Court does not have jurisdiction to review USCIS's decision dismissing her asylum application.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

That same day, the Court granted N.Y.V.D.'s Application. (*See* Order). Following the Court's Order, ICE released N.Y.V.D. from detention on December 24, 2025. (*See* Joint Status Report at 1; *see also* Nightingale Decl, Ex. B, C). N.Y.V.D.'s release is subject to restrictions that were not in place before her detention, including 24/7 electronic monitoring via an ankle monitoring and periodic in-person reporting, i.e., every two months at the San Francisco ICE Office and every month at the San Francisco Intensive Supervision Appearance Program ("ISAP") Office. (*See* Nightingale Decl, Ex. B, C). The Order of Supervision ("OSUP") dated December 24, 2025, reflects that N.Y.V.D. is subject to a December 23 removal order. (Nightingale Decl, Ex. B). N.Y.V.D. reported to ICE on December 29, 2025, and is due to report to ISAP and ICE on January 19 and March 2, respectively. (*Id.*, Ex. B, C).

II.     DISCUSSION

    A.     **Legal Standard**

The standards governing temporary restraining orders and preliminary injunctions are essentially the same. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Courts apply the four *Winter* factors (the "*Winter* Factors") in evaluating a request for a preliminary injunction: (1) likelihood of success on the merits; (2) irreparable harm in the absence of preliminary relief; (3) the balance of equities; and (4) the public interest. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001) (explaining that the analysis for a TRO and a preliminary injunction are "substantially identical").

Where a movant seeks a "mandatory injunction," they face a higher burden. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (emphasizing that the plaintiff faced a "doubly demanding" burden for a mandatory injunction). In this context, a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

movant must show "the law and facts *clearly* favor her position, not simply that she is likely to succeed." *Id.* (emphasis in original). By contrast, a "prohibitory injunction" is one that seeks to preserve the status quo during the pendency of litigation. *Arizona Dream Act Coalition v. Brewer*, 757 F.3d 1053, 1060 (9th Cir. 2014). "The 'status quo' refers to the legally relevant relationship *between the parties* before the controversy arose." *Id.* (quoting *McCormack v. Hiedeman*, 694 F.3d 1004, 1019 (9th Cir. 2012)) (emphasis in original).

    B.    <u>Analysis</u>

        1.    **Mootness**

The Court incorporates by reference the analysis of N.Y.V.D.'s Application for a temporary restraining order. (Order at 3–10.). The Court maintains its conclusions that it has jurisdiction to adjudicate the Application and Motion as filed, that N.Y.V.D is likely to succeed on the merits of her Fifth Amendment claim, that N.Y.V.D has established irreparable harm, and that the balance of equities and the public interest favor N.Y.V.D.

Respondents argue that the preliminary injunction and habeas petition are now moot[2], because N.Y.V.D. received her requested relief and is no longer detained. (Opp. at 1-2). The Court disagrees. "Absent preliminary injunctive relief, [a] [p]etitioner faces the prospect of re-detention without a pre-detention hearing during the pendency of this federal case, which may take months or years to resolve." *Cruz v. Lyons*, 2025 WL 3443146, at *2 (C.D. Cal. Dec. 1, 2025). "A habeas petition is not moot where preliminary relief is not made permanent." *Id.*; *see also Nielsen v. Preap*, 586 U.S. 392,

---

[2] In supporting their position, Respondents cite case law that is not on point to the facts of this case. *See* Opp. at 1 (providing string cite of case law where preliminary injunctions were rendered moot because petitioners received bond hearings pursuant to the TRO). Here, Respondents have failed to provide any evidence that N.Y.V.D. was provided a pre-detention hearing. As such, none of the case law Respondents cite support of their mootness argument.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

403 (2019) (plurality opinion) (rejecting the suggestion of mootness where "release had been granted following a preliminary injunction" "[u]nless th[e] preliminary [relief] was made permanent and not disturbed on appeal" because "these individuals faced the threat of re-arrest and mandatory detention"); *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019) ("[Petitioner] raises an as-applied constitutional due process challenge to the government's ability to re-detain him without a hearing. Accordingly, I have jurisdiction over his claim."); *Rodriguez v. Kaiser*, 2025 U.S. Dist. LEXIS 199636, at *21 (E.D. Cal. Oct. 7, 2025) (granting preliminary injunction enjoining government from re-detaining petitioner without a pre-detention hearing after previously granting temporary restraining order); *Martinez v. Wamsley*, 2025 U.S. Dist. LEXIS 201309, at *8 (W.D. Wash. Oct. 10, 2025) ("[T]he temporary relief granted to the three Petitioners does not moot their underlying application for a writ of habeas corpus.").

  **2. Custody**

  Based on the factual record before the Court, N.Y.V.D. remains "in custody" for purposes of § 2241. Custody "encompass[es] circumstances in which the state has imposed 'significant restraints on [a] petitioner's liberty.'" *Munoz v. Smith*, 17 F.4th 1237, 1241 (9th Cir. 2021) (second alteration in original) (*quoting Jones v. Cunningham*, 371 U.S. 236, 242 (1963)). Accordingly, habeas corpus proceedings are available as forum for adjudication on "a further detention without a pre-detention hearing." *Cruz*, 2025 WL 3443146, at *3. Courts in this district have held that the "the imposition of additional constraints on Petitioner's liberty following her detention, including electronic monitoring, supports a conclusion that she remains in custody." *Id.*; *see also Hogarth v. Santacruz*, 2025 U.S. Dist. LEXIS 228009, at *35–36 (C.D. Cal. Oct. 23, 2025) (concluding impositions of release conditions such as "electronic monitoring" and "multiple check-ins with ICE every month" were "sufficient to demonstrate that [the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

petitioner] is in custody"). The Court agrees with the analyses presented in *Cruz* and *Hogarth* that the imposition of significant restraints on N.Y.V.D's liberty supports a conclusion that she remains "in custody." Because there is no evidence in the record that Respondents provided N.Y.V.D. with a hearing before a neutral decisionmaker to determine the appropriateness of ICE's significant restraint on N.Y.V.D.'s liberty (nor cites the Court to any legal authority supporting ICE's authority to impose such a restrain unilaterally), the Court **GRANTS** a preliminary injunction consistent with the temporary restraining order.

### III.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** N.Y.V.D.'s request for preliminary injunction and **ORDERS** as follows:

1. Respondents are enjoined from detaining N.Y.V.D., or significantly restraining N.Y.V.D.'s liberty, including but not limited to using a 24/7 ankle monitor or other similar restraints, including, but not limited to, requiring N.Y.V.D to be within 75 miles of her home, unless they provide her with a pre-detention hearing before a neutral decisionmaker where Respondents bear the burden of demonstrating by clear and convincing evidence that N.Y.V.D. is a flight risk or a danger such that her physical custody is required; and

2. Further proceedings on the merits of the habeas petition are referred to Magistrate Judge Sheri Pym.

//
//
//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

The Court **DENIES** N.Y.V.D.'s request for this Court to (1) vacate the expedited removal order and (2) direct USCIS to revoke the dismissal of N.Y.V.D. asylum application and retain jurisdiction over her asylum application.

**IT IS SO ORDERED.**

|  | - | : |
|---|---|---|
|  | Initials of Deputy Clerk | lca |